UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GRACE C. STEPHENSON,

    Plaintiff,

  v.

CHILDREN'S HOSPITAL OF WISCONSIN INC,

    Defendant.

Case No. 23-cv-1384-pp

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (DKT. NO. 9)**

---

On October 17, 2023, the plaintiff—representing herself—filed a complaint, dkt. no. 1, and a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. The day before, the court had dismissed for lack of subject-matter jurisdiction a similar complaint the plaintiff had filed against the same defendant. See Stephenson v. Children's Hospital of Wisconsin, Case No. 23-cv-272-pp (E.D. Wis.), Dkt. No. 54. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. But, as it did the plaintiff's previous case, the court must dismiss this case because this federal court lacks subject-matter jurisdiction. A state court is the appropriate court to address the plaintiff's claims.

**I. Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

A plaintiff who does not have the money to pay the federal civil filing fee "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether

1

the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a), 1915(e)(2)(B)(i). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose her financial condition truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The court believes the plaintiff may have made a mistake on her application to proceed without prepaying the filing fee. The plaintiff listed her "total *monthly* wages or salary" as "$20,000;" if that were correct, the plaintiff would have an annual income of *$240,000*. Dkt. No. 2 at 2. This income amount is very different from the amount the plaintiff listed on the request to proceed without prepaying the filing fee she filed in her last case; on that application, she listed her "total *monthly* wages or salary" as "$0" but reported that she had received "$1,723.00" from "Social Security Disability" in the last twelve months. See Case No. 23-cv-272-pp, Dkt. No. 2 at 2. The court suspects that in this case, the plaintiff meant to list $20,000 as her *annual* salary, not her *monthly* salary. Assuming the plaintiff's *annual* salary is $20,000, and considering the plaintiff's expenses, the court concludes that the plaintiff does not have the ability to pre-pay the filing fee and will grant her motion to proceed without prepaying it. Dkt. No. 2.

The plaintiff still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original).

When a court grants a motion allowing a person to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee.

Although the court will not require the plaintiff to prepay the filing fee, because the plaintiff asked to proceed without paying it, the court still is required to "screen" the complaint and must dismiss the case if the complaint is frivolous or malicious, fails to state a claim for which a federal court may grant relief or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). See also Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1018 (7th Cir. 2013) (§1915(e)(2) "directs district courts to screen all complaints accompanied by [a request to proceed without prepaying the filing fee] for failure to state a claim . . . .").

The court must dismiss the complaint because it does not have subject-matter jurisdiction over the plaintiff's claims.

## II. Screening the Complaint—Subject Matter Jurisdiction

### A. Legal Standard

"Subject-matter jurisdiction is the first issue in any case[,]" Miller v. Southwest Airlines Co., 926 F.3d 898, 902 (7th Cir. 2019), and the court has "an independent obligation to determine that jurisdictional requirements are satisfied[,]" Knopick v. Jayco, Inc., 895 F.3d 525, 528 (7th Cir. 2018). "[S]ubject matter jurisdiction is a fundamental limitation on the power of a federal court to act," Del Vecchio v. Conseco, Inc., 230 F.3d 974, 980 (7th Cir. 2000), that "cannot be waived, forfeited, or consented to by the parties," Fortier v. Terani L. Firm, 732 F. App'x 467, 468 (7th Cir. 2018). "Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the

court itself." Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. Civ. R. 12(h)(3) (emphasis added).

"While state courts are courts of general jurisdiction—essentially open to all comers on all matters—federal courts are courts of limited jurisdiction." E. Cent. Ill. Pipe Trades Health & Welfare Fund v. Prather Plumbing & Heating, Inc., 3 F.4th 954, 957 (7th Cir. 2021). As courts of limited jurisdiction, federal courts have subject-matter jurisdiction in two primary types of cases: (1) cases alleging violations of federal laws or the federal Constitution ("federal question" jurisdiction under 28 U.S.C. §1331) and (2) cases between citizens of different states which involve an amount in controversy exceeding $75,000.00 ("diversity" jurisdiction under 28 U.S.C. §1332). Federal question jurisdiction exists when a plaintiff makes a plausible claim that someone has violated her rights under the Constitution or has violated the laws of the United States. "The well-pleaded rule requires that a federal question be 'apparent on the face' of the complaint." Hero v. Lake Cnty. Election Bd., 42 F.4th 768, 775 (7th Cir. 2022) (quoting Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 890 (7th Cir. 2013)). Diversity jurisdiction exists when the amount in controversy exceeds $75,000 exclusive of interest and costs, and the parties are citizens of different states. 28 U.S.C. §1332(a). In other words, diversity jurisdiction, under §1332 exists where "no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side." Page v. Democratic Nat'l Comm., 2 F.4th 630, 636 (7th Cir. 2021) (citing Wis. Dep't of Corr. v. Schact, 524 U.S. 381, 288 (1998)).

B. <u>Complaint</u>

The complaint the court received from the plaintiff on October 17, 2023 says that the plaintiff is suing for "[t]he loss of her child's life, Christina Hope Johnson." Dkt. No. 1 at 2. The plaintiff alleges that

> [t]he state of being of the plaintiff's child before the business of Children's Hospital of Wisconsin, Inc./Children's Hospital of Wisconsin was alive and well with accompany of an assistive device.
>
> The plaintiff's child was in surgery for an operation—heart organ. The plaintiff's received call that the heart organ arrived, and Christina should arrive at the hospital to have the new heart installed. This operation took place March 3, 2020—March 7, 2020 . . . My child is no longer present due to the Total Care Perioperative Practice failing to return my child.

<u>Id.</u> at 3. Under "relief wanted," the plaintiff wrote:

> I am filing this complaint/case/matter with the court in order to have the loss of my child addressed, and the devastation of the loss of my child acknowledged by the defendant as a major problem, not just a matter you dismiss if, paperwork is not perfect or bureaucracy is being abused to the point of breaking the law. The defendant and the court to recognize the cause and effect of the loss of my child intangibly and tangibly. The emotional and financial costs.

<u>Id.</u> at 4.

When identifying the parties, the plaintiff indicated that she and the defendant both are citizens of the "United States," without identifying the specific state of citizenship for either party. <u>Id.</u> at 1-2. Under "jurisdiction," the plaintiff checked a box indicating:

> I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $400,000.

<u>Id.</u> at 4.

On October 20, 2023, the court received from the plaintiff a letter "regarding jurisdiction selection + relief wanted." Dkt. No. 5 at 1. This letter

5

appears to be intended to amend the complaint[1] because it states, "jurisdiction change from under state law to Federal law." Id. (emphasis in the original). The plaintiff also attached a copy of page 4 of the court's standard complaint form, on which the plaintiff checked a box under "jurisdiction" indicating she is "suing for a violation of federal law under 28 U.S.C. § 1331." Id. at 2. The plaintiff did not amend the pages of the complaint that allege what the defendant did.

    C.    <u>Analysis</u>

The plaintiff must be suffering unimaginable pain due to the loss of her daughter. The loss of a child is every parent's worst nightmare. The court extends its deepest condolences.

But although the court empathizes with the plaintiff and cannot imagine her suffering, the court does not have the authority to decide the plaintiff's claims. The court does not have diversity jurisdiction because the plaintiff has alleged that she and the defendant are citizens of the "United States;" diversity jurisdiction requires the parties to be citizens of different states. 28 U.S.C. §1332(a); see also Page, 2 F.4th at 636 ("[N]o party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side.").[2] Nor does the

---

[1] "Applicable authorities provide that plaintiffs enjoy leave to amend once as a matter of course before service of the complaint, and liberally thereafter 'when justice so requires . . . .'" Stoller v. Walworth County, 770 F. App'x 762, 764 (7th Cir. 2019) (citing Fed. R. Civ. P. 15(a)). When a plaintiff files a motion to proceed without prepaying the filing fee, the court screens the plaintiff's complaint *before* the court orders the complaint to be served on any defendant. 28 U.S.C. §1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases.").

[2] The Wisconsin Department of Financial Institutions web site indicates that Children's Hospital of Wisconsin, Inc. is a registered, non-stock Wisconsin corporation with its principal office in Milwaukee, Wisconsin. https://wdfi.org/

6

court have federal question jurisdiction, because even though the plaintiff marked the box for federal question jurisdiction on the letter amendment she filed, the *facts* that she alleged in the original complaint do not state federal claims. As the court explained in dismissing the plaintiff's previous case, any claims related to the facts she has shared with the court—negligence, medical malpractice or wrongful death—are state law claims.[3] See Case No. 23-cv-272, Dkt. No. 54. This federal court does not have subject matter-jurisdiction over the plaintiff's claims. Travelers Prop. Cas. v. Good, 689 F.3d 714, 718 (7th Cir. 2012) ("The court need not bend over backwards to construct alternative theories to persuade itself that subject matter jurisdiction exists . . . ."). Another way to say that is to say that the Constitution does not give this federal court the authority to decide the plaintiff's claims. A state court, like the Milwaukee County Circuit Court, *does* have the authority to decide the plaintiff's claims.

Because this federal court lacks subject-matter jurisdiction over the plaintiff's claims, it must dismiss the plaintiff's case without prejudice. See

---

apps/corpSearch/Details.aspx?entityID=6M18135&hash=640324527&searchFunctionID=aa52baa7-1e07-4c22-b22e-b273862f805f&type=Simple&q=Childrens+Hospital+of+Wisconsin. The plaintiff lives on Burleigh Street in Milwaukee. Both parties are citizens of Wisconsin.

[3] See Webber v. Armslist LLC, 70 F.4th 945, 958 (7th Cir. 2023) ("A negligence claim under Wisconsin law consists of four elements: duty, breach, causation, and damages."); Wis. Stat. §655.007 ("[A]ny patient or the patient's representative having a claim or any spouse, parent, minor sibling or child of the patient having a derivative claim for injury or death on account of malpractice is subject to this chapter."); Schmidt v. Fuiks, 796 F. App'x 316, 317 (7th Cir. 2020) ("Here, the cores of [the plaintiff's] claims—alleging fraud, negligence, and medical malpractice—all arise under state, not federal law."); Webber, 70 F.4th at 965 ("Wrongful death actions in Wisconsin require an underlying wrongful act, neglect or default. Wis. Stat. § 895.03 . . . .").

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." (emphasis added)); Lennon v. City of Carmel, Ind., 865 F.3d 503, 509 (7th Cir. 2017) ("When a district court dismisses an action for lack of jurisdiction, the dismissal must be without prejudice. This is because a dismissal with prejudice . . . operates as a disposition on the merits, which a court without the power to hear a case may not issue.") (internal citation omitted). The court is not dismissing the plaintiff's case because it is oblivious to her pain or because it does not believe she has suffered a devastating loss. It is dismissing the lawsuit because the law *prohibits* a federal court from deciding a case when it does not have jurisdiction to do so. The court's hands are tied—it cannot act if it does not have jurisdiction.

There *is* a court that has jurisdiction—the state court system. The fact that this *federal* court does not have the authority to decide the plaintiff's claims does not prevent her from filing her lawsuit in state court.

### III. Children's Hospital of Wisconsin, Inc.'s Motion to Dismiss (Dkt. No. 9)

On the afternoon of October 26, 2023, as the court was preparing to docket this order, it received from the defendant a motion to dismiss the complaint for lack of subject-matter jurisdiction. Dkt. No. 9. Because the court already had concluded at the screening stage that it does not have subject-matter jurisdiction over the plaintiff's claims, the court will deny the defendant's motion as moot.

### IV. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the defendant's motion to dismiss. Dkt. No. 9.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 27th day of October, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**